# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1700

———————

Jimmie L. Edwards,

      Plaintiff-Appellant,

v.

Bakers Local No. 4,

      Defendant-Appellee.

*
*
*
*
*  Appeal from the United States
*  District Court for the
*  Eastern District of Missouri.
*
*     [UNPUBLISHED]
*

———————

Submitted: December 16, 2005
Filed: December 22, 2005

———————

Before WOLLMAN, LAY, and RILEY, Circuit Judges.

———————

PER CURIAM.

Jimmie Lee Edwards appeals the decision of the United States Magistrate Judge[1] granting summary judgment to Edwards' union, Bakers Local No. 4 (the "Union"). In a well-reasoned fifteen-page memorandum, the Magistrate Judge[2] ruled that Edwards failed to exhaust his administrative remedies regarding his claim that the Union failed to represent him on the basis of his disability claims in violation of the

———————

[1]The Honorable Mary Ann Medler, United States Magistrate Judge for the Eastern District of Missouri.

[2]The parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Americans with Disabilities Act, 42 U.S.C. § 12101, and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010. The Magistrate Judge also ruled that the undisputed facts established that Edwards did not suffer an adverse employment action and that the Union did not breach its duty of fair representation regarding Edwards' age discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, and the MHRA.

We review the grant or denial of summary judgment de novo. Reliastar Life Ins. Co. v. IOA Re, Inc., 303 F.3d 874, 878 (8th Cir. 2002). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Having carefully reviewed Edwards' claims, we conclude the Magistrate Judge did not err when it granted summary judgment in favor of the Union. We affirm. See 8th Cir. Rule 47B.

_____